THE LAW OFFICE OF

# ELISA HYMAN, P.C.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/2022

January 11, 2022

*VIA ECF*
Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

*OK, Conference cancelled.*
*[signed] Colleen McMahon*
*1/12/2022*

Re: *M.M. et al. v. N.Y.C. Dep't of Educ., et al.*, 21-cv-8661 (CM)

Dear Judge McMahon:

I represent the Plaintiff in the above-referenced case and write jointly with counsel for the Defendants to respectfully request a short extension of time to submit a proposed Case Management Plan ("CMP") and a corresponding adjournment of the initial conference. Additionally, Plaintiff respectfully requests a *nunc pro tunc* extension of time to file an amended complaint pursuant to Fed. R. Civ. Pro. 15(a)(1)(B), to which Defendants do not consent.

Plaintiff alleges, *inter alia*, that the New York City Department of Education ("DOE"), Chancellor Meisha Porter and the New York City Board of Education ("BOE") (collectively "Defendants" or "DOE") failed to fully implement orders of administrative hearing officers and denied the student's right to stay-put services (also called "Pendency") under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1400 *et seq.*[1] Additionally, this action raises systemic claims and brings claims pursuant to the Due Process Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, and 29 U.S.C. §794 ("Section 504").[2] Unlike some IDEA cases which appeal the final decision of a State Review Officer, this case concerns Defendants' implementation of prior hearing orders and C.M.'s pendency, individually and systemically.

As noted in our last letter, the parties have had, and continue to engage in, preliminary settlement discussions. Defendants are still in the process of investigating the issues, however, and need additional time to determine if settlement is possible.[3] The parties do not wish to devise a discovery plan needlessly and expend the Court's time, if the case is on a settlement track.

---

[1] Plaintiff moves to substitute Chancellor David Banks in his official capacity for Defendant Chancellor Meisha Porter in her official capacity pursuant to Fed. R. Civ. Pro. 25(d). Plaintiff respectfully requests an Order directing the Clerk of the Court to amend the docket accordingly. Defendants do not object to this substitution.

[2] C.M. is a putative member of the class in the M.G. Class Action lawsuit, *M.G. et al. v. N.Y. City Dep't of Educ., et al.*, 162 F. Supp.3d 216 (S.D.N.Y. 2016) (13-cv-4639) ("M.G. Class Action").

[3] If the parties can reach an agreement as to the use of the compensatory services, the only remaining issue would be Plaintiff's claim for attorneys' fees and costs. The parties have successfully negotiated settlements involving fees and costs without court intervention in numerous cases and are optimistic that we would be able to do so here.

1115 BROADWAY, 12TH FL.
NEW YORK, NY 10010

42 WEST 24TH STREET, 2ND FLOOR
NEW YORK, NY 10010

WWW.SPECIALEDLAWYER.COM

Thus, the parties are respectfully requesting two weeks, until January 25, 2022, to submit a further status letter to the Court. In the status letter, the parties would either (a) report that settlement remains likely and seek additional time for settlement discussions, or request the assistance of the assigned magistrate judge, if necessary, or (b) submit a proposed schedule for moving the case forward. As such, the parties are also respectfully requesting an adjournment of the initial conference, currently scheduled for January 13, 2022, *sine die*, while the parties continue to explore settlement. ECF No. 16.

Finally, Plaintiff respectfully requests a *nunc pro tunc* extension of time to amend the complaint pursuant to Fed. R. Civ. Pro. 15(a)(1)(B). Plaintiff's time to amend under this Rule expired yesterday, January 10, 2022. Again, if settlement seems likely, an amendment is unnecessary. However, if the parties are not settling this action, Plaintiff would respectfully request a 30-day extension of time from January 10, 2022 to February 9, 2022 to file an amended complaint.[4] Defendants do not consent to Plaintiff's request for an extension of time to amend the complaint as a matter of course as Defendants do not believe that is something they have the authority to do under Fed. R. Civ. P. 15(a)(1)(B). Defendants, however, have indicated their willingness to consider consenting to Plaintiff filing an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2), but have asked for the opportunity to review the proposed amendment beforehand.

This is the parties' second request for an extension of time to submit a proposed case management plan. ECF No. 17. The Court previously granted the parties' request for an extension, from December 16, 2021 to January 11, 2022. ECF No. 18. Thank you for Your Honor's consideration of these requests.

Respectfully Submitted,
THE LAW OFFICE OF ELISA HYMAN, P.C.

By: *Erin O'Connor*

Erin O'Connor, Esq., Of Counsel
*Counsel for Plaintiff*

cc: Alexandra L. Yacyshyn, *Counsel for Defendants*, via ECF

---

[4] Defendants requested, with Plaintiff's consent, a 30-day extension of time to answer the complaint, which Your Honor granted. ECF Nos. 14, 15.

2